**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X   Case No. 20-cv-5649
JOSE A.F. FERNANDEZ,

                              Plaintiff,   **COMPLAINT**

               -against-

NAMDAR REALTY GROUP LLC and   **PLAINTIFF DEMANDS**
IGAL NAMDAR, Individually,   **A TRIAL BY JURY**

                             Defendants.
---------------------------------------------------------------------------X

Plaintiff, JOSE A.F. FERNANDEZ, by his attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover unpaid overtime wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; N.Y. Lab. Law§ 2 and 651; N.Y. Lab. Law§ 190 et seq; NYLL §195(1) and NYLL 195(3); the New York State Human Rights Law, and the New York State Executive Law §296 *et. seq.* ("NYSHRL"), as amended adoption the provisions of New York City Human Rights Law, Administrative Code § 8-107, *et seq*. ("NYCHRL"), and seeks to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis of sex.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Jurisdiction of this action is also conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

8. Plaintiff JOSE A.F. FERNANDEZ, ("PLAINTIFF") is a resident of the County of Queens and State of New York.

9. Plaintiff is a male.

10. Plaintiff is a U.S. Citizen.

11. Defendant NAMDAR REALTY GROUP LLC (Hereinafter also referred to as "NAMDAR") is a domestic business corporation duly authorized to conduct business in New York.

12. Defendant "NAMDAR" has its principal place of business located at 150 Great Neck Road Suite 304 Great Neck, New York, 11021.

13. Defendant "NAMDAR" was incorporated in the County and State of New York.

14. Defendant "" had authority to hire or fire Plaintiff.

15. Defendant "NAMDAR" had authority to supervise Plaintiff.

16. Defendant "NAMDAR" had authority to determine Plaintiff's pay rate.

17. Defendant IGAL NAMDAR (Hereinafter also referred to as "IGAL") is a resident of the State of New York.

18. Defendant IGAL was and still is the owner/shareholder of "NAMDAR"

19. Upon information and belief, IGAL had authority to supervise, discipline and or fire Plaintiff.

20. Upon information and belief, IGAL had authority to demote or promote Plaintiff.

21. Upon information and belief, IGAL was and still is a shareholder of "NAMDAR"

22. Bahareh Livai is an individual, who lives in the State of New York.

23. Bahareh Livai, was ad still is defendant NAMDAR's Human Resources Manager.

24. Shahar Genefar is an individual who resides in the State of New York.

25. Shahar Genefar was and still is an employee of the defendants.

### MATERIAL FACTS CONCERNING PLAINTIFF'S UNPAID OVERTIME CLAIMS

26. On or about December 6, 2018, Plaintiff started working for defendants as an "Accounts Payable Clerk."

27. Plaintiff's initial salary was $52,000.00 a year.

28. On or about March 4, 2019, defendants increased Plaintiff's salary from $52,000.00 to year to $55,000.00.

29. On or about April 7, 2020, Plaintiff's salary was increased from $52,000.00 a year to 55,000.00 a year.

30. Plaintiff's job required him to work 40 hours a week.

31. Plaintiff worked from 8:00AM to 6:00PM from Monday to Friday and 8:00AM to 2:00PM on Saturdays.

32. Plaintiff worked approximately 56 hours a week.

33. Defendants failed to pay Plaintiff his overtime rate.

34. Plaintiff was not authorized to provide suggestions and/or recommendations as to the hiring, firing.

35. Plaintiff did not have authority to hire any employee.

36. Plaintiff did not have authority to fire any employee.

37. Plaintiff did not supervise any employee.

38. Plaintiff's job was clerical in nature.

39. Plaintiff did not customarily and regularly exercise any discretionary powers.

40. Plaintiff is not an exempt employee under FLSA and New York Labor Laws.

41. As an accounts payable clerk, Plaintiff followed strict instructions, comprehensive computer auditing software, and a work-review system.

42. Plaintiff is not a CPA.

43. Plaintiff was not hired as an accountant.

44. As an accounts payable clerk, Plaintiff was required to follow company and regulatory policy with no use of independent judgment.

45. On or about March 18, 2020, Plaintiff received an email from management indicating that the defendants were going to be paying overtime for the employees who were willing to

work in the office. Even though Plaintiff worked in the office he was still not paid overtime.

46. On or about October 27, 2020 defendants terminated Plaintiff from his position.

47. As Defendants conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

48. Defendants never paid Plaintiff for any overtime hours worked.

49. Defendants' actions created an environment that no reasonable person would tolerate.

50. Defendants all separately and jointly violated the FLSA by not paying Plaintiff for overtime work.

51. Defendants violated the laws of the State of New York by not paying Plaintiff for overtime work as required by the laws of the State of New York.

52. Upon information and belief, at all relevant times, Corporate Defendant "NAMDAR" had gross revenue in excess of $500,000.

### MATERIAL FACTS CONCERNING PLAINTIFF'S CLAIMS OF SEXUAL HARASSMENT AND RETALIATION

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. From the beginning of Plaintiff's employment up until his termination, the defendant IGAL, few times a week, while in his office, loudly say "Fuck, What the Fuck, Fuck off, Fuckers, Mother Fuckers" Plaintiff found these extremely derogatory and harassing but he could not complain to anybody in fear of being terminated.

55. On or about October 6, 2020, Shahar Genefar approached Plaintiff and told Plaintiff that Jelson, another employee of the defendants, needs some information concerning a client of defendants. When Plaintiff asked "What exactly he wants, so that I can help him?" Shahar Genefar loudly said "I do not know what the fuck he needs?" in front of other employees.

56. On or about October 7, 2020, Plaintiff complained to Bahareh Livai, defendants' human resources manager indicating that this was not the first time inappropriate sexually explicit language was used at work. Plaintiff also asked Baharei Livia to address this issue and prevent any potential retaliation.

57. On or about October 27, 2020 and shortly after Plaintiff complained, defendants terminated Plaintiff from his position by citing some bogus work-related issues.

58. Defendants failed to take appropriate action with regard to the unlawful conduct mentioned herein.

59. Plaintiff has suffered numerous emotional injuries and physical injuries as a result of Defendants' conduct.

60. Plaintiff was subjected to such hostile conditions that no reasonable person in Plaintiff's shoes would be expected to tolerate.

61. Defendants treated Plaintiff differently because of his gender.

62. Plaintiff has been unlawfully discriminated against, retaliated against, was humiliated, has been degraded and belittled; and as a result suffers loss of civil rights, emotional distress, loss of income, earnings, and benefits.

63. Plaintiff's situation at the job was intolerable as a result of the discrimination to which he was subjected.

64. Defendants actions and conduct were intentional and intended to harm the Plaintiff.

65. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

66. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

67. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

68. As a result of the above Plaintiff has been damaged in the amount in excess of the jurisdiction of all lower courts.

69. As Defendants' conduct has been willful, outrageous, malicious, Plaintiff also demanded punitive damages against the Defendants.

70. Defendants terminated Plaintiff because he complained of harassment and discrimination.

71. The above are just some of the offensive and unlawful conduct by Defendant and are stated by way of example.

## AS AN FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, **sex**, or disability, or marital status of any individual, to refuse to hire or employ or to bar or **to discharge from employment** such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendant NAMDAR REALTY GROUP LLC engaged in an unlawful discriminatory practice

7

by discriminating against Plaintiff solely due to Plaintiff's sex/sexual harassment.

75. Defendant IGAL NAMDAR engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

78. Defendant NAMDAR REALTY GROUP LLC engaged in an unlawful discriminatory practice by failing to hire, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of defendants.

79. Defendant IGAL NAMDAR engaged in an unlawful discriminatory practice by failing to hire, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of defendants.

80. Defendants violated this section.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

81. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

82. Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of forty

(40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

83. Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

84. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

85. Defendant NAMDAR REALTY GROUP LLC willfully violated the Act.

86. Defendant IGAL NAMDAR willfully violated the Act.

### AS A FOURTH CAUSE OF ACTION
### VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title 12 NYCRR Section 142-2.2, OVERTIME RATE

87. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

88. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

89. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

90. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

91. Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

92. On account of such violations, Defendant IGAL NAMDAR is liable to Plaintiff for actual, statutory and liquidated damages.

93. On account of such violations, Defendant NAMDAR REALTY GROUP LLC is liable to Plaintiff for actual, statutory and liquidated damages.

## AS A FIFTH CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

94. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

95. Defendants willfully failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law§ 190 et seq. and regulations of the New York State Department of Labor.

96. Defendant NAMDAR REALTY GROUP LLC failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

97. Defendant IGAL NAMDAR ailed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

98. Defendant NAMDAR REALTY GROUP LLC's failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

99. Defendant IGAL NAMDAR's failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

## JURY DEMAND

100. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants   NAMDAR REALTY GROUP LLC and  IGAL NAMDAR, Individually engaged in unlawful employment practices prohibited by the FLSA, NYCRR, NYLL, the NYSHRL, and the NYCHRL, by discriminating against Plaintiff on the basis of his sex and for failing to pay Plaintiff's due overtime wages;

B. Awarding damages to Plaintiff, retroactive to the date of his discharge for all lost wages and

benefits resulting from Defendant NAMDAR REALTY GROUP LLC and IGAL NAMDAR', unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Declaring that Defendants NAMDAR REALTY GROUP LLC and IGAL NAMDAR have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

G. Declaring that Defendant NAMDAR REALTY GROUP LLC and IGAL NAMDAR's violations of the provisions of the FLSA were willful as to Plaintiff.

H. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

I. Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

J. Declaring that Defendants NAMDAR REALTY GROUP LLC and IGAL NAMDAR, have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

K. Declaring that Defendants NAMDAR REALTY GROUP LLC and IGAL NAMDAR's

violations of the New York Labor Law were willful as to Plaintiff;

L. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

M. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

N. Awarding Plaintiff pre-judgment and post- judgment interest as applicable;

O. Awarding Plaintiff, the expenses incurred in this action, including costs and attorney's fees;

P. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

Q. All such other and further relief as the Court deems just and proper

Dated: New York, New York
November 19, 2020

    **SEKENDIZ LAW FIRM P.C.,**
    **ATTORNEYS AT LAW**

By:   ___s/Ismail S. Sekendiz/____
    Ismail S. Sekendiz, Esq. (IS-0509)
    *Attorneys for Plaintiff*
    45 Broadway Suite: 1420
    New York, New York 10006
    (212) 380-8087
    Email: isinan@hotmail.com