UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE A.F. FERNANDEZ,

               Plaintiff,

  – against –

NAMDAR REALTY GROUP LLC and
IGAL NAMDAR, Individually,

               Defendants.

---

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

20-cv-5649 (ERK) (AYS)

KORMAN, *J.*:

    Plaintiff Jose Fernandez alleges that his former employer failed to pay him overtime and that he was sexually harassed by coworkers and subject to unlawful retaliation when he reported the harassment. Fernandez worked for Namdar Realty Group LLC ("Namdar Realty") as an "Accounts Payable Clerk." Second Am. Compl. ¶ 38. He alleges that Namdar Realty failed to pay him overtime he was due under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and that its owner, Igal Namdar, is jointly and severally liable.

    Fernandez also alleges that he was subject to sexual harassment and retaliation. According to Fernandez, Igal Namdar repeatedly used the word "fuck" around him, which Fernandez found "derogatory and harassing." Second Am. Compl. ¶ 65. Fernandez also claims that a fellow accounts payable clerk would come over to him, place her hand on his hand, and "would violate [Fernandez's]

1

personal space by pushing her breasts into [Fernandez's] face." *Id.* ¶ 68. That took place approximately once a week over the course of two months. *Id.* Fernandez asked his coworker to stop, and in response she made his life "difficult" by mocking him in front of their coworkers. *Id.* ¶ 70. Fernandez complained to the human resources manager on October 6 and 7, 2020. *Id.* ¶ 73. Fernandez was fired about three weeks later, which he claims was retaliation for his complaint of sexual harassment. *Id.* ¶ 74. He claims that defendants therefore violated New York State's prohibition on sexual harassment and retaliation.

Defendants move to dismiss the harassment and retaliation claims in their entirety and move to dismiss the overtime claims brought against Igal Namdar in his individual capacity. Fernandez has filed a cross motion to amend his complaint to add allegations that Igal Namdar had "operational control" over Fernandez and that Igal Namdar managed the day-to-day activities of Namdar Realty Group. ECF No. 28-1 at 8. He also proposes to add that he could not complain about Namdar's use of the work "fuck" because Namdar was his boss, and that the human resources manager failed to take action when he reported the harassment to her. *Id.*

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally, all factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor. *Elias v. Rolling Stone LLC*, 872 F.3d

2

97, 104 (2d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## DISCUSSION

### I. The Court Lacks Subject-Matter Jurisdiction Over The State-Law Employment Discrimination Claims

Although no party raised the issue, I "have an independent obligation to determine whether federal jurisdiction exists in this case." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Because the parties in this case are not diverse, plaintiff can only pursue his state-law claims based on the theory that I have supplemental jurisdiction over them. That would require the state-law claims to be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact," namely when "the facts underlying the federal and state claims substantially overlap[]" or when "the federal claim necessarily [brings] the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted).

Plaintiff asserts only a single claim under federal law: that he was denied overtime in violation of the FLSA. While I clearly have supplemental jurisdiction

3

over his state-law overtime claim under the New York Labor Law, I issued an order to show cause why the state-law employment discrimination claims should not be dismissed for lack of subject-matter jurisdiction because they are insufficiently related to the FLSA overtime claim. Plaintiff does not dispute that dismissal of those state-law claims is proper, so long as the dismissal is without prejudice to refiling in state court. Defendants argue that dismissal would be inappropriate because, in their view, the employment discrimination claims are sufficiently related to plaintiff's claim that he was denied overtime and because exercising supplemental jurisdiction would promote judicial economy.

Courts have consistently held that there is no supplemental jurisdiction over state-law employment discrimination claims when the only common nucleus with the FLSA claim "is the existence of a common employment relationship." *Guerra v. Trece Corp.*, 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020) (collecting cases). That is because "federal wage-and-hour claims, which can be resolved through testimony and documents regarding the hours [p]laintiff worked and the compensation he received, are, in general, factually distinct from state discrimination claims, which turn on whether [p]laintiff suffered adverse employment actions, and whether racial or other discriminatory animus motivated those actions." *Dervisevic v. Wolfgang's Steakhouse, Inc.*, 2019 WL 6251197, at *2 (S.D.N.Y. Nov. 22, 2019) (internal quotation and alterations omitted).

4

Nevertheless, supplemental jurisdiction may lie over a state employment discrimination claim when it is "intricately connected" to the FLSA claim. *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007). For that to be the case, there must be some "overlap" between the wage-and-hour claims and the alleged employment discrimination—for instance, that the plaintiff's wages were decreased *because of* unlawful discrimination. *Dervisevic*, 2019 WL 6251197, at *3. Defendants argue that there is such overlap here. They observe that Fernandez alleges that defendants' failure to pay him overtime "created an environment that no reasonable person would tolerate" and that he made a similar allegation when describing the alleged sexual harassment he experienced. Second Am. Compl. ¶¶ 60, 81. Defendants' argument is meritless. Fernandez's complaint distinguishes between the allegations that he was not paid overtime and the allegations that he suffered harassment and retaliation and alleges no connection between the two. He may have considered the failure to pay him overtime intolerable, but he does not claim that it was intolerable because of the harassment.

Defendants also argue that it would promote judicial economy and be more convenient to exercise supplemental jurisdiction. But while those are factors that a court may consider when deciding whether to decline supplemental jurisdiction that the court has, *see* 28 U.S.C. § 1367(c), "this discretionary approach applies only if it has been determined that a claim fits within § 1367(a)." *Burks v. City of N.Y.*, 2018

5

WL 6199550, at *7 (E.D.N.Y. Nov. 28, 2018). These discretionary factors cannot create supplemental jurisdiction where, as here, there is no common nucleus of operative fact. *Id.*; *see also Jenkins v. Yellowstone Props., Inc.*, 2019 WL 4392955, at *3 n.3 (S.D.N.Y. Sept. 12, 2019). I therefore lack supplemental jurisdiction over the discrimination and retaliation claims (Counts 1 and 2), which are dismissed without prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016).

## II.     Fernandez Adequately Alleged that Namdar Was His "Employer"

Igal Namdar moves to dismiss the FLSA and NYLL claims asserted against him in his personal capacity. An individual may be jointly and severally liable for FLSA violations if he himself qualifies as an "employer," and courts in this circuit "have consistently interpreted the definition of 'employer' under the NYLL coextensively with the definition under the FLSA." *Ocampo v. 455 Hosp. LLC*, 2021 WL 4267388, at *5 (S.D.N.Y. Sept. 20, 2021). Whether a person is an employer is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" based on "economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotations omitted). "The underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: control over a company's actual operations in a manner that relates to a plaintiff's employment." *Tapia v. Blch*

6

*3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (internal quotation omitted). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* Although no one factor is dispositive, relevant considerations include whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.*

Namdar argues that the complaint contains only conclusory allegations that he fits within this framework and that the claims against him should therefore be dismissed. Namdar is correct that the complaint largely parrots the Second Circuit's "economic reality" test and contains few concrete facts to support liability. Nevertheless, the complaint is sufficient to survive a motion to dismiss. It alleges that Namdar was the owner of Namdar Realty, had authority to supervise, discipline, and fire Fernandez, could set the terms of his employment and rate of pay, and had control over his employment records. Second Am. Compl. ¶¶ 22–23, 25–27. The proposed Third Amended Complaint adds that Namdar "personally reported to work and managed the day-to-day activities" of Namdar Realty and had "operational control" over Fernandez. Proposed Third Am. Compl. ¶¶ 30–31. Some of these allegations are conclusory, but still others are factual in nature, such as Namdar's

7

authority to supervise or discipline Fernandez and to set his rate of pay. Plaintiff has therefore adequately pleaded that Namdar was his employer and Namdar's motion to dismiss the FLSA and NYLL claims is therefore denied. *See Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (denying dismissal where plaintiffs pleaded, along with conclusory statements tailored to the four factors discussed above, that the defendant was a manager and directly supervised them); *see also Marin v. APU Foods Corp.*, 2018 WL 1462236, at *5 (E.D.N.Y. Feb. 26, 2018), *report & recommendation adopted by* 2018 WL 1459488 (E.D.N.Y. Mar. 23, 2018) (similar).

## CONCLUSION

Counts 1 and 2 of the Second Amended Complaint are dismissed without prejudice for lack of subject-matter jurisdiction. The motion to dismiss is otherwise denied. The motion to amend is granted on the condition that plaintiff remove counts 1 and 2 from the proposed Third Amended Complaint—along with the allegations relating to harassment and retaliation—and refile it within seven days.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
September 30, 2021

Edward R. Korman  
United States District Judge

8